## Higgins v. Reed et al.

In an action of trespass, the defendants justified as president and secretary of a school district, and claimed that in October, 1855, a schoolhouse tax was assessed in said district upon the property therein, including that of plaintiff, and that for the purpose of collecting said tax, they levied upon and sold the property. For the purpose of proving the assessment, the defendants offered to prove, by competent witnesses, the loss of certain records belonging to said district, in 1856, and then to prove the contents of said records. The witnesses, in speaking of the records, described them as being kept on half sheets and quarto sheets of paper, not bound in book form. To all this testimony the plaintiff objected, for the reason that the evidence did not show such a record as a school district was required to keep, and that the existence and contents of a public record could not be proved by parol; *Held*, That the evidence was admissible.

After proof of the loss of a record, its contents may be proved, like any other documents, by secondary evidence.

Where the original record is lost, and a copy can be produced, the copy is better than parol evidence of its contents, and its production should be required; but if the existence of better evidence is not disclosed, then the contents may be proved by parol.

Section 1126 of the Code is but directory; and the failure of the secretary of a board of directors of a school district, to record all the proceedings of the board, and of the district meetings, in separate books, to be kept for that purpose, or a record of them upon loose sheets of paper, instead of a bound book, will not render the proceedings of the board or district void, nor make persons subsequently in office liable for the failure of their predecessors to comply with a directory provision of the statute.

Where in an action of trespass, in which the defendants justified as school officers, and after they had established the contents of a lost record of the school district, showing that a school-house tax had been levied in the district in 1855, the defendants offered in evidence a paper in the hand-writing of the secretary of the district, (but whether in that of one of the defendants, did not appear,) showing the amount of tax due from the several citizens of the district, containing the names of the plaintiffs and others, with memorandums as to who had paid, which paper, the bill of exceptions states, was the only written evidence remaining of the tax list of 1855, to which evidence the plaintiff objected; *Held*, That if the paper offered in evidence, was a copy of the assessment-roll provided for in section 1130 of the Code, or one of the list posted up, as provided for in that section, it was properly admitted in evidence.

Where there is a failure to collect a school-house tax during the year in which it is levied, the power and authority conferred by the warrant does not expire with the year, where the tax is levied upon personal property, and not upon real estate; and if the warrant thus issued shall be lost, it may be supplied by a new one, and the right and power of the secretary of the district to collect the taxes, is none the less clear or effective, than if the old warrant was still in existence and produced; nor is such warrant authority to the person in office, at the time of its issue, alone, but it protects equally his successor.

And in such a case, though no second warrant should issue, if the officer can show that one was issued, and establish its loss, he may protect himself by proving its contents.  ·

Where in an action of trespass, in which the defendants justified the taking and sale of the property, as school officers, in payment of a school-house tax, it appeared that the tax was voted by the district in October, 1855, and duly advertised; that the records were lost in 1856; and that in June, 1857, the president of the district, one of the defendants, issued his warrant to the secretary, the other defendant, authorizing and commanding him to collect the taxes so levied and advertised, and also a list advertised in December, 1856, under which warrant the property was sold; and where the defendants offered the·said warrants in evidence, to which the plaintiff objected, for the reason that it purports to be issued in June, 1857, directing the collection of taxes levied in 1855,· the record of the levy having been lost before the issuing of the said warrant; *Held*, That the evidence was admissible.

In an action of trespass against the officers of a school district, for the taking and sale of personal property, in payment of a school-house tax, the defendants may offer in evidence, a bond for the delivery of the property executed by the plaintiff.

### *Appeal from the Keokuk District Court.*

### WEDNESDAY, APRIL 13.

PLAINTIFF sues in trespass, for the value of a horse. Defendants admit the taking by one of them, and justify as school officers, for that the said horse was levied upon and sold, to satisfy a school-house tax assessed against said plaintiff. Replication denying the authority or power of defendants to make the seizure. There was a trial by the court; judgment for defendants, and plaintiff appeals.· The other material facts are stated in the opinion of the court.

*G. Wilkinson* and *J. M. Casey*, for the appellant.

No appearance for the appellees.

Wright, C. J.—The questions made in this case, relate alone to the admission of certain testimony.

Reed was the president, and Griffen was the secretary, of school district number four, Washington township, Keokuk county, and were elected and qualified in 1857. They claim that in October, 1855, a school-house tax was assessed in said district, upon the property therein, including that of plaintiff; and that for the purpose of collecting said tax, they levied upon and sold his horse, and that this is the trespass of which he complains.

For the purpose of proving said assessment, defendants proposed to prove by competent witnesses, the loss of certain records belonging to said district, in 1856. Such loss being fully established, defendants then proposed to prove the contents of said records. The witnesses, in speaking of said records, described them as being kept on half sheets and quarter sheets of paper, not bound in book form. To all this testimony, plaintiff objected, for the reason that this was not such a record as a school district was bound to keep, and that the existence and contents of a public record, could not be proved by parol.

The question would not seem to admit of a reasonable doubt. The existence and contents of an ancient record, when lost, may, under some circumstances, be presumed. Whether ancient or recent, after proof of the loss, its contents may be proved like any other document, by secondary evidence. ·Where the original is lost, and a copy can be produced, of course this would be better than parol evidence of the contents, and its production should be required. If the existence of other and better evidence is not disclosed, then the contents may be proved by parol. 1 Greenleaf's Ev., sec. 84, note 2, 509. In *Stockbridge* v.

*Stockbridge*, 12 Mass., 400, it was held that the incorporation of a town, might be proved by parol. Records generally, it is said, are to be proved by inspection, or by copies properly authenticated, but if there be sufficient proof of the loss or destruction of a record, much inferior evidence of its contents may be admitted, and it cannot be doubted that parol evidence is competent to prove the existence and loss of a record. 1 Starkie's Ev., 355.

The contents of the lost record being established, and it being thus shown that a tax had been levied in October, 1855, defendants offered a paper which was in the handwriting of the secretary of the district, (but whether of one of these defendants, does not appear), showing the amount due from the several citizens of said district, with memorandums as to who had paid. This paper contains the name of the plaintiff, with others, and the amount of tax opposite his name, as stated in the answer, which appears to be unpaid. The bill of exceptions states that this was the only written evidence remaining of the tax list of 1855. Plaintiff objected to the introduction of this paper, but upon what ground, is not stated. The objection was overruled, and he excepted. This list is spoken of in the assignment of errors and agreement, as that advertised by the secretary, and we suppose it to be the one required by section 1130 of the Code. This section makes it the duty of the secretary, to obtain a transcript of the last assessment roll of the county, adding thereto any taxable property therein omitted, and to post up a list of the persons taxed, at three or more places in the district, with the amount due from each, set opposite their respective names. If the writing offered was this transcript, or one of the list so posted up, there can be no reasonable doubt as to its admissibility. If the defendants could prove any portion of the record relied on, by the record itself, or by copies, they would certainly have a right, and it would be their duty, to

do so.   A part might be proved by parol,  and a part by higher, or primary, evidence.

And before leaving this point in the case, we will notice an objection made by the plaintiff, and which, appropriately, should have been considered, when disposing of the first point in the case.   We allude to the manner of keeping the records by the school officers—it being shown that they were kept upon separate pieces of paper, some half, and some quarter sheets.   The law makes it the duty of the secretary of the district, to record all the proceedings of the board, and of the district meetings, in separate books to be kept for that purpose.   Now, it certainly would tend much to the safety and judicious disposition of the school business of each district, if this provision was strictly and technically followed—each secretary furnishing himself with good, substantial blank books, in which to record the proceedings.   And we may be permitted to say, that in a matter of so much importance, and one affecting so many interests, there is entirely too much carelessness in the manner of keeping the records and proceedings.   And yet, we are not prepared to say that this requirement, is so far mandatory, as that all the proceedings of a board, or district, would be void, because they were recorded on loose sheets of paper, instead of a bound book.   We regard it as directory—a direction, however, that prudence would dictate always to follow.   To hold such proceedings void, would make officers subsequently in office, liable for the failure of their predecessors, to comply with a directory provision of the statute, while the fact of the levy of the tax, or the compliance with the law in every other respect, might be most incontrovertibly established.

The next point in the case arises upon these facts :   The tax was levied, or voted, in October, 1855, and the records lost in 1856.   In June, 1857, the president of the district, one of the present defendants, issued his warrant to the secretary, the other defendant, authorizing and commanding ing him to collect the taxes so levied and advertised, and

Higgins v. Reed et al.

also a list advertised in December, 1856. This was the warrant under which the horse was sold. To the introduction of it the plaintiff objected, for the reason that it purports to be issued in June, 1857, directing the collection of taxes levied in 1855—the record of the levy having been lost before the issuing of said warrant.

If the tax was in fact voted at a regular meeting in October, as claimed, in accordance with section 1115; and if the record thereof was made, as required; and it further appeared, that the transcript had been obtained, and the list posted as directed in section 1130, then it was the duty of the president to issue his warrant to the secretary. By reference to sections 1130-1-2, it will be seen that the list is to be posted by the secretary at least thirty days previous to his proceeding to collect the tax; that during this thirty days, persons may apply for relief, if taxed beyond their due proportion; and that after this, the president issues his warrant. The provisions contemplate, beyond all question, that the warrant shall issue immediately, or soon after, the expiration of the thirty days, and that the secretary shall proceed at once to the collection of the taxes. And the whole spirit and policy of the law, indicates that the collection is to be made, if possible, during the year, and a report made to the county treasurer of the delinquent lands in time for sale, in the same manner that he sells other lands for delinquent county taxes for that year. (Sections 1133-4.) If, however, there shall be a failure to collect during the year, we are not aware that the power and authority conferred by the warrant, expires or ceases. And certainly it does not, where the tax levied is upon personal property, and not upon real estate. If the warrant thus issued, shall be lost, it may be supplied by a new one, and the right and power of the secretary is none the less clear and effective, than if the old one was still in existence and produced. Nor is the authority to the person in office, at the time of its issue, alone: but it protects, equally, his successor. And though

no second warrant should issue, yet if the officer can show that one was issued, and establish its loss, he may protect himself by proving its contents. And thus we see, that the secretary in this case, as the successor to the officer to whom the original warrant was issued, might have relied upon that for his protection, without reference to the one issued in 1857. But if, instead of doing this, he produces one issued to supply that lost, we can see no objection to it.

When the secretary levied on the horse, the plaintiff gave a bond with sureties, conditioned for his delivery on the day fixed for sale. On the trial, this bond was offered in evidence, objected to by plaintiff, and the objection overruled. What possible objection there could be to its introduction, we cannot conceive. None have been pointed out.

Judgment affirmed.