AT

## DES MOINES, JUNE TERM, A. D. 1887,

IN THE FORTY-FIRST YEAR OF THE STATE.

---

PRESENT:

HON. AUSTIN ADAMS, Chief Justice.
" WILLIAM H. SEEVERS,
" JOSEPH R. REED,
" JAMES H. ROTHROCK, } Judges.
" JOSEPH M. BECK.

---

## Gegner v. Warfield, Howell & Co.

1. **Partnership:** JUDGMENT AGAINST: LIEN ON JOINT PROPERTY: RELEASE: INDIVIDUAL LIABILITY. Defendants held a judgment against plaintiff and another as partners, which was a lien on real estate owned jointly by them. Plaintiff conveyed his interest in the real estate, subject to the lien of the judgment. Afterwards defendants, with knowledge of this fact, released the real estate from the lien of the judgment, and sought to enforce the judgment against plaintiff personally. Plaintiff sought to enjoin them from so doing, on the ground that he stood in the relation of a surety to the debt, and that he was discharged by the release of the lien; but *held* that defendants were not obliged to proceed against the real estate, and that by releasing it they did not lose their right to proceed against plaintiff personally.

*Appeal from Polk Circuit Court.*

WEDNESDAY, JUNE 15.

ACTION IN EQUITY. A demurrer to the petition was sustained, and the plaintiff appeals.

*Ira W. Anderson,* for appellant.

*Smith & Morris,* for appellees.

SEEVERS, J.—The petition states that the plaintiff and one John Longhenry were partners, and as such became indebted to the defendant, who procured a judgment against the plaintiff and Longhenry. At the time the judgment was rendered the plaintiff and Longhenry were each the owners of one undivided one-half of certain real estate. After the recovery of said judgment, the plaintiff sold the undivided one-half of the real estate belonging to him to one Camp, subject to the lien of said judgment; that afterwards Camp conveyed the said real estate to Barbary Longhenry on like terms and conditions; that afterwards the defendant, with full knowledge of the foregoing facts, and without the consent of the plaintiff, executed the following writing: " Received, September 22, 1885, of J. Longhenry, one hundred and fifty dollars, to apply on the judgment " in favor of the defendant above referred to, " and in consideration thereof,    *    *    *    release from the lien of the judgment " the real estate conveyed by plaintiff to Camp, and also the undivided one-half thereof belonging to Longhenry. Both Longhenry and Camp are insolvent, and the defendants, having caused execution to issue on the judgment, are seeking to compel the plaintiff to pay the balance due thereon, and by reason of the matters stated, he asked to enjoin it from so doing. There was a demurrer to the petition, which was sustained, and the plaintiff appeals.

Counsel for the appellant insists that, when plaintiff conveyed the real estate to Camp, charged with the payment of

the defendant's judgment, he became a surety, and a release of the property had the effect to release him. But we think the conveyance to Camp is immaterial, and in no respect changed the rights and relations of the parties to this action. It is unquestionably true that the partners are jointly liable for the payment of the debt of the partnership, and it will be conceded that the release of one partner ordinarily operates as a release of all the partners. But it must appear that such was the intention. Now, it is evident that the release in question does not release any one, but simply is a release of certain real estate, which at one time belonged to the partners, and upon which the judgment was a lien. The defendants had a right to proceed against the property of either partner to obtain satisfaction of the judgment, and we see no reason why they could not release from the lien any property belonging to either partner, without in any manner affecting their right to enforce the payment of the judgment to the same extent, and in the same manner, as if no such release had been executed. To our minds, it is clear that the plaintiff, by no act his, or by the action of himself and Camp combined, could affect or deprive the defendants of any legal right. These views, we think, are sustained by *Seymour v. Butler*, 8 Iowa, 304, and *Gardner v. Baker*, 25 Id., 343.

AFFIRMED.