[Filed November 24, 1890.]

### THE STATE OF OREGON EX REL. G. M. PATTY *v.* J. McKEE.

SCHOOL MEETING—WHO HAS THE RIGHT TO PRESIDE AS CHAIRMAN—"OLDEST IN OFFICE OF THE DIRECTORS PRESENT."—The words in section 2601, Hill's Code, "Oldest in office of the directors present," mean the director who has served the longest time as such under an election. And such director has the authority, and it is his duty to preside as chairman at all school meetings of his district.

SCHOOL MEETING—FAILURE OR REFUSAL OF CLERK TO ACT AS SECRETARY—POWER OF SUCH MEETING.—If the clerk of a school district fail or neglect to be present at a meeting of his district or to act as secretary thereof, the meeting has power to appoint a secretary *pro tem.*, and the announcement by the chairman that W. was appointed, who accepts the position and acts with the consent of the meeting, is to be regarded as the corporate act of the meeting.

SCHOOL MEETING—INCIDENTAL POWER.—If the clerk of a school district fail to attend a meeting of his district and to act as secretary thereof, such meeting has the incidental power to appoint any private person a secretary *pro tem.* for the purpose of making an entry of the business of such meeting, and such entries made by authority of the voters then present are evidence of the proceedings of the meeting.

Yamhill county:   R. P. BOISE, Judge.

Plaintiffs appeal.   Reversed.

This proceeding was instituted in the name of the state of Oregon *ex rel.* G. M. Patty against the defendant to try the right to the office of director in school districts Nos. 33 and 46, said districts being on the line between Polk and Yamhill counties.   The complaint alleges in substance that G. M. Patty, G. M. Allen and A. Sheldon are the legally elected and qualified directors of school districts Nos. 33 and 46 in Yamhill and Polk counties in said state, to which said office of director said G. M. Patty was duly elected and qualified on the 3d day of March, A. D. 1890; that the defendant J. McKee unlawfully usurped and intruded himself into the said office of director of said district, to which the said G. M. Patty was elected and qualified and to which he was entitled on the 3d day of March, 1890, and has ever since said date continued to usurp and hold said office and

exercise the functions thereof; that the said J. McKee claims to have been elected to said office at a pretended meeting of said district alleged to have been held on the 3d day of March, 1890, but that the proceedings of said pretended meeting were void.

The complaint sets out fully the proceedings of the school meeting at which the relator was elected, and of the pretended meeting at which the defendant claimed to have been elected, but such allegations need not be repeated here.

The answer denies all the material allegations of the complaint, and further alleges that on the third day of March, 1890, the defendant was duly elected director of said district and now is duly elected, qualified and acting director of said district. The further and separate answer was denied by the reply.

The cause came on for hearing before the court without the intervention of a jury, and after hearing the facts, the court found the following conclusions of fact:

(1) That on the 3d day of March, 1890, a school meeting was called in districts Nos. 33 and 46, Yamhill and Polk counties, the same being a district situated partly in each county; (2) that G. M. Allen was a director of said district, who had held said office for two years; (3) that J. P. Beeler was a director of said district, who had held said office for less than one year. and had been appointed to fill a vacancy in said office caused by the removal of S. T. Munkers from said district, who was, at the time of his removal, a director of said district, whose term of office would have been three years on said third day of March, 1890; (4) that at said meeting a controversy arose as to whether said Allen or said Beeler was the legal chairman and entitled to preside at said meeting; (5) that said Allen called said meeting to order and asked Fred S. Smith, the then clerk of said district, to read the minutes of the last meeting; but said Smith refused to recognize said Allen as the proper chairman of said meeting and refused to act as clerk thereof; that thereupon said Allen appointed J. F. Wisecarver to act

as clerk of said meeting; that said Wisecarver assumed the duties of clerk and the meeting then proceeded to elect a director, and G. M. Patty, the relator, was declared elected director; that said election was by ballot and the votes were collected by tellers appointed by said Allen, and that said Patty received 20 votes—all the votes cast; (6) while these proceedings were in progress said Beeler, claiming that he was the director entitled to preside at said meeting, called the same to order, and said Smith, the clerk of said district, recognized him as the legal chairman of said meeting. Also a part of the voters present at said meeting so recognized said Beeler as chairman and proceeded to elect a director of said district, and J. McKee, the defendant herein, was declared duly elected as such director, he receiving 17 votes —all the votes cast; (7) the two factions were in the same schoolhouse, and acted separately, each recognizing its chairman. And from the facts so found the court found the following conclusions of law:

(1) That G. M. Allen was the oldest director and entitled to act as chairman of said meeting; (2) that said Allen had no authority to appoint J. F. Wisecarver clerk of said district or said meeting; (3) that all the proceedings at said meeting by both factions were illegal and void.

*G. G. Bingham,* district attorney, and *James McCain,* for Appellant.

The principal question involved is the validity of the school meeting referred to in the pleadings and findings of fact of the trial court. Section 2601, Hill's Code, provides "The oldest in office of the directors present shall act as chairman of all meetings; and in case neither of the directors is present, the qualified voters present shall elect a chairman."

The clerk of the district refused to act as secretary of the meeting. The election of an officer *pro tem,* in the absence or refusal of the proper officer to act, is a power inherent in every parliamentary or deliberative body. (*Budd* v. *Walla Walla Print. & Pub. Co.* 2 Wash. T. 347.)

The secretary of that meeting was either a *de facto* or a *de jure* officer. If the former only, his official acts are valid and cannot be collaterally attacked. (*Norton* v. *Shelby Co.* 118 U. S. 425–454; *State* v. *Carroll,* 38 Conn. 449, 9 Am. Rep. 409; *Taylor* v. *Skrine,* 3 Brev. 516; *Carleton* v. *People,* 10 Mich. 250; *Clark* v. *Commonwealth,* 29 Pa. 129; *Brown* v. *O'Connell,* 36 Conn. 432, 4 Am. Rep. 89; *Blackburn* v. *State,* 3 Head, 690; *Fowler* v. *Beebe,* 9 Mass. 231, 6 Am. Dec. 62; *State ex rel. Dugan* v. *Farrier,* 47 N. J. L. 383.)

There is such an office as secretary of a school meeting. (Hill's Code, §§ 2623, 2612.)

The court having found that the meeting at which the defendant claims to have been elected was an illegal meeting, the state is entitled to judgment of ouster, whether the relator was lawfully elected or not. (*People ex rel. Koerner* v. *Ridgley,* 21 Ill. 65; *Clark* v. *The People ex rel. Crane,* 15 Ill. 213; *People ex rel. Keeler* v. *Robertson,* 27 Mich. 116; *State ex rel. Law* v. *Saxon,* 25 Fla. 342.)

*N. L. Butler, Jno. J. Daly,* and *W. D. Fenton,* for Respondent.

The findings of fact are conclusive upon both parties. (*Hicklin* v. *McClear,* 18 Or. 126.)

By virtue of Beeler's election to fill a vacancy, he succeeded to all of the rights of the oldest director in office whose successor he was. The body of voters presided over by him alone constituted the legal meeting. It had the clerk, the records and the sanction of two directors. The other faction had no authority to proceed. (Hill's Code, § 2601.)

Section 2601, Hill's Code, which provides that "the oldest in office of the directors present shall act as chairman," relates rather to the term than to the person of the incumbent. The right belongs to the term and not to the incumbent.

Upon the findings defendant is entitled to have the proceedings against him dismissed and to recover costs.

STRAHAN, C. J.—The main question presented by this record is this: Was G. M. Allen or J. P. Beeler the oldest

in office of the directors present at the school meeting mentioned, and therefore had the right to act as chairman of the meeting? The meaning of the language employed in the act must determine the question. The section is as follows: "Section 2601. The oldest in office of the directors present shall act as chairman of all meetings; and in case neither of the directors is present, the qualified voters present shall elect a chairman."

The findings show when Mr. Beeler became a director, which is subsequent in time to Allen's accession to office. In other words, it appears from the record that Allen was older in office than Beeler; and unless the force of this fact is broken in some way, the question is resolved in appellant's favor. Counsel concedes this in effect, unless the law means the term for which the director is serving; but this construction is too strained and theoretical. The law was enacted for plain, practical people, to be applied to their own affairs in the government of the school districts in the state, and the plainest and most obvious import of the words used is to be preferred. When the law says "the oldest in office,' it means the director who has held office for the longest time under an election. The object of this requirement, no doubt, was that there might be some one in the chair who would be acquainted with the business affairs of the district, and able to assist in giving to the transactions of the meeting such intelligent direction and assistance as the wants of the district might require. It results from this construction that Allen was the oldest in office of the directors present, and therefore had the authority as it was his duty to preside as chairman at that particular meeting.

But counsel for the respondent insist that though Allen may be the director who was authorized to act as chairman of the meeting, still the meeting was illegal for the reason that the regular clerk of the district, whose duty it was to act as secretary of that meeting, declined to do so, but did act as secretary at another meeting over which Mr. Beeler presided. The fifth finding of fact shows that when Allen

called the meeting to order he requested Fred S. Smith, the then clerk of said district, to read the minutes of the last meeting. This Smith refused to do and refused to recognize Allen as the proper chairman of said meeting. That thereupon said Allen appointed J. F. Wisecarver to act as clerk of said meeting. This action, it is claimed by the respondent, rendered the proceedings of said meeting void from the beginning, and the court below seems to have been of the same opinion, because it found as a conclusion of law that neither meeting was legal. In construing the school law, its object must never be lost sight of. The territory of the state is divided into school districts which are public corporations, having the same dignity in law as the largest and richest municipal corporations in the state, and their government is confided to the residents therein who are qualified electors under the school law. The objects of these corporations are in furtherance of the public policy of the state, to build up and maintain within its borders a system of common schools, whereby all the children of the state may enjoy some reasonable educational advantages. No greater or more sacred trust could have been assumed by the state, and it employs these public corporations as instruments to carry this trust into effect. Viewing the school law in this light, we would not like to hold, if it can be avoided, that either the mistake or caprice of one man could destroy, arrest or nullify the proceedings which the law requires to be taken at a school meeting. If a school clerk may exercise the sovereign power of withholding his recognition, in such case, and thereby destroy the legality of a meeting which would otherwise be legal and proper, he may arrest the proceedings of his district for an indefinite time, and as long as he remains in office paralyze the corporate powers of his district, and thus defeat the purposes of the law. But no such power can be claimed for him. On the contrary, if he fail or refuse to discharge his duties, other instrumentalities may be employed.

The requirements of the statute in relation to who shall

be secretary of the meeting are directory merely and not mandatory. (*Higgins* v. *Reed*, 8 Iowa, 298, 74 Am. Dec. 305; *Burgess* v. *Pue*, 2 Gill, 254; *Bank of U. S.* v. *Dandridge*, 12 Wheat. 64.) And section 293, Dillon on Munic. Corp. says: "Corporations have the incidental power, if the regular clerk is temporarily absent, to appoint a private person a clerk *pro tem.* for the purpose of making the entries of what is transacted at the corporate meeting. His entries made by the direction of the corporate authorities, or entries made by the regular clerk from memoranda furnished by the clerk *pro tem.*, are competent evidence of the proceedings of the meeting." (*Hutchinson* v. *Pratt*, 11 Vt. 402.) But counsel claim that if the meeting when lawfully convened may appoint a secretary *pro tem.*, the chairman has no such power. This is a highly technical objection and cannot prevail. When the chairman announced the appointment in the presence of the meeting, and the secretary served without a single objection from any one, the act of the chairman became the act of the meeting. It follows from what has been said that the second and third findings of law by the court were erroneous, as well as the judgment, and must be reversed; but as no error intervened during the trial up to the findings of law by the court, it is unnecessary to order a new trial, as final judgment may be entered here on the findings of fact. Our conclusions of law are indicated in this opinion. Let judgment of ouster be entered against the defendant, and a further judgment in favor of the relator admitting him into the office of school director named in the pleading.