Rhodus & Fleming v. Heffernan et al.—Syllabus.

---

W. T. RHODUS AND JOHN M. FLEMING, COPARTNERS UNDER THE FIRM NAME AND STYLE OF RHODUS & FLEMING, *Plaintiffs in Error*, v. THOMAS HEFFERNAN, JOHN HEFFERNAN, ANNIE LAVIGNE, JOHANNA WISE, MARY MORRIS, MAGGIE KING, WILLIAM FARRELL, RICHARD S. DICKENSON, ZEBENIZE DICKENSON, OLLIE VAN WATER AND KATE NOLAN, AS HEIRS AT LAW OF JAMES HEFFERNAN, DECEASED, *Defendants in Error*.

1. Where the plaintiffs and defendants in ejectment claim land through a common source of title, errors committed in allowing improper evidence of the title under which all the parties claim, are harmless.

2. Where the defendants claim title to land under a sale made by order of a county judge on the application of an administrator to pay debts due from the intestate's estate, parol testimony tending to show that the schedule of debts required by law was presented to the county judge when the application was made, and that it had been lost or mislaid and its contents, where the order of sale recites that all the requirements of the law had been complied with, is competent evidence, tending to show a compliance with the requirements of the law, authorizing a sale of realty in such a case.

This case was decided by the court *En Banc.*

Writ of error to the Circuit Court for Calhoun county.

The facts in the case are stated in the opinion of the court.

*Edwin R. Blow* for plaintiffs in error.

No appearance for defendants in error.

HOCKER, J.—Thomas Heffernan, John Heffernan, Annie LaVigne, Johanna Wise, Mary Morris, Maggie King, William Farrell, Richard S. Dickenson, Zebenize Dickenson, Ollie VanWater and Kate Nolan, as heirs at law of James Heffernan, deceased, sued W. T. Rhodus and John M. Fleming, as individuals and as copartners under the firm name and style of Rhodus & Fleming, in an action of ejectment in the Circuit Court of Calhoun county, for title and possession of certain lands situated in said county, in all about five hundred and nine acres. Issue was joined on a plea of not guilty, and the case was tried before a jury in October, 1902. After the introduction of the evidence an affirmative charge for the plaintiffs was given by the trial judge, a verdict for plaintiffs was rendered by the jury, finding the plaintiffs to have a fee simple title and right of possession to the lands. A judgment was entered in accordance with the verdict for the plaintiffs, which the defend-

ants below, and plaintiffs in error here, seek to reverse on writ of error. The plaintiffs below claim the lands as heirs of James Heffernan, deceased, and the defendants claim them only by virtue of a sale and deed made to them under proceedings instituted by the administrator of James Heffernan, and orders made by the county judge of Calhoun county, for the sale of the lands to pay the debts of his decedent.

The first and second assignments of error are based on the admission of a deed offered in evidence by plaintiffs, executed by L. M. Stone *et al.,* in 1891, to John A. Smith, and the refusal of the court to strike the testimony of a witness of the plaintiffs below, one Fred Shields, to the effect "that John A. Smith went into possession of the lands about 1885, and continued in possession until about 1890, when he sold to James Heffernan."

Inasmuch as both plaintiffs and defendants claim the lands through a common source of title, to-wit: through James Heffernan, deceased, we need not consider these assignments, for if any error was committed it could not have been prejudicial. *Doyle v. Wade,* 23 Fla. 90, text 98, 1 South. Rep. 516.

The defendants offered in evidence an application of S. W. Clark as administrator of the estate of James Heffernan, deceased, to the county judge, for leave to sell the lands of the deceased (being those in controversy), to pay debts, an order of sale made in pursuance thereof, the report of the sale to defendants made by the commissioner appointed for the purpose, the order of the county judge confirming the sale, the deed by the commissioner made in pursuance thereof, all of which were rejected by the court on objections of the plaintiffs and exceptions noted by the defendants, upon which rulings errors are assigned here. In order that there may be no ground of misconception the application of the administrator and the order of the sale are set out, and are as follows:

### APPLICATION TO SELL.

"Your petitioner, Sheppard W. Clark, would respectfully show unto the court that he is administrator of the estate of James Heffernan, deceased; that the personal property of said estate has been sold in compliance with law and proper return made of the proceeds thereof, but that said personal property has not been sufficient to pay the debts and charges due by said estate. That said James Heffernan died seized and possessed of certain lands, lying and being situate in the county of Calhoun, State of Florida, which was more particularly described as follows, to-wit: (Here follows a description of the land) containing 509 and 36-100 acres more or less. That the said James Heffernan died intestate, as the records of the court show, and his administrator has no power under any will to sell said land. That the personal estate as hereinbefore stated, has been exhausted and is insufficient to pay the debts and charges of said estate. That the indebtedness, as near as your petitioner can ascertain after diligent inquiry, is about the sum of ——dollars, and your petitioner attaches hereto and makes a part hereof, his sworn schedule of the indebtedness of said estate, which schedule of indebtedness shows, as near as he can ascertain after diligent inquiry, the amount of the debts, when and to whom due, the nature of the evidence by which they are established. And your petitioner prays the court, the premises considered, to order that a sale be had of so much of the real estate hereinbefore named and described as shall be sufficient to pay the amount of the indebtedness of said estate, over and above charges of sale at such further order as shall be proper and in accordance with law, and your petitioner will ever pray."

### ORDER OF SALE.

"The application of Sheppard W. Clark, as administrator of the estate of James Heffernan, deceased, to sell the lands belonging to said estate to pay the debts of said estate, coming on to be heard before me this 19th day of

March, A. D. 1900, and it appearing to the satisfaction of the court that the law had been fully complied with and that it was necessary to sell the land in said petition described, to-wit: (Here follows a description of the land) containing 509 and 36-100 acres, more or less, to pay the debts of said estate due after the personal property had been exhausted. And that in making said application all the requirements of the law have been complied with. It is ordered, adjudged and decreed that' said lands be sold to pay the debts and charges due over and above the proceeds of the personal estate or its value, with incidental charges of the sale, and J. S. Fannin is hereby appointed commissioner to make said sale. And it further appearing to the satisfaction of the court that it would be more advantageous and more to the interest of said estate that said lands be sold at private sale, the said commissioner is hereby empowered to sell said land at private sale, and that he report his acts and doings to this court for confirmation, and when said sale is approved by this court that he make a deed to the purchaser of the land so sold."

In explanation of the absence from the records, and in proof of loss of the schedule of the indebtedness of the estate, the plaintiffs introduced the following testimony of the county judge, D. M. Stanfill, viz: "I am county judge of Calhoun county, Florida, and was such judge at the time letters of administration were issued on the estate of James Heffernan, deceased. I received and filed the application for the order of sale of the lands belonging to the estate of James Heffernan, deceased. I can not state positively that at the time of filing the petition for order of sale that the administrator filed a schedule under oath of the debts of James Heffernan, deceased, showing the amounts of the debts as near as he could ascertain after diligent inquiry, to whom and when due, and the nature of the evidence by which they were established. I have made diligent search among my papers in my office where I would be likely to find the schedule and where such papers are usually kept,

but have been unable to find the same. If filed, it has been lost or misplaced. I can not say positively that such schedule was filed for the reason I can not find it." In this connection defendants also introduced S. W. Clark, the administrator of the estate of James Heffernan, who testified in substance, that when he made the application for an order of sale of the lands in question he delivered to the county judge a sworn schedule of the debts of the estate, showing to whom and when they became due, and how such debts were etsablished; that he gave it to the county judge for filing, and that he received it, and that he saw the judge do some writing on the back of it, but did not notice what he wrote. The schedule contained' the items of indebtedness, some of which the witness, after refreshing his memory for a book which he had, stated, the total of which is over $200.00.

Although there was no objection to the testimony. of Judge Stanfill or of Mr. Clark, the administrator, in view of the fact that the case will have to be retried, we think it proper to say that under the circumstances this evidence was properly admitted as to the loss of the schedule and its contents. 1 Jones (Burr W.) on Law of Evidence, sec. 211; *Pruden v. Allen,* 23 Pick (Mass.) 184, S. C. 34 Am. Dec. 51, and note p. 53; *Higgins v. Reed,* 8 Iowa, 298, S. C. 74 Am. Dec. 305. The application of the administrator to sell the lands of James Heffernan, deceased, was made under paragraph 1, sec. 1921, Revised Statutes of 1892. The only objection below to the introduction of these documents was "that the evidence introduced by the defendants to show a schedule of the debts of the decedent James Heffernan showing the amount of such debts, to whom and when due, and the nature of the evidence by which they were established, is *insufficient* to show that such schedule was actually filed with the petition for order of sale, and that there existed debts against said estate unpaid, and that the county judge in making the· order of sale had no jurisdiction." The administrator swears posi-

tively that the schedule properly made out and sworn to was delivered to the county judge to be filed when the application to sell the lands was presented.   The county judge has no recollection about the matter, but states that if filed, the schedule has been lost or mislaid.   The statement of the administrator is not denied, and the proffered evidence tended to show that he did all that the law required him to do.   We must presume that the county judge did his duty and filed the schedule, and the testimony shows that it had been lost or misplaced.   That it had been filed is borne out by the order of the judge reciting that all the requirements of the law had been complied with.

We think the court below erred in refusing to admit the proffered evidence, and it is, therefore, considered and ordered that the judgment be reversed at the cost of the defendants in error.

SHACKLEFORD, COCKRELL, WHITFIELD and CARTER, JJ., concur.

TAYLOR, C. J., absent on account of sickness.